

David McCraw
Vice President & Deputy
General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

November 8, 2018

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *The New York Times Company, et al. v. Federal Communications Commission*, 18-cv-8607 (LGS)

Dear Judge Schofield:

I am counsel for Plaintiffs The New York Times Company, Nicholas Confessore, and Gabriel Dance (collectively, "The Times") in the above-referenced action. I write on behalf of both the Times and Defendant Federal Communications Commission ("FCC") in advance of the initial pretrial conference scheduled for November 15, 2018, at 10:30 a.m. (*See* Court's Order dated October 2, 2018 (Dkt. No. 6).)

This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in which The Times seeks the release of certain documents by the FCC. Like most FOIA matters, the parties anticipate that the matter will be resolved through cross-motions for summary judgment without discovery. *See, e.g.*, *Wood v. FBI*, 432 F.3d 78, 85 (2d Cir. 2005); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812-13 (2d Cir. 1994). Accordingly, the parties respectfully request that they be relieved of their obligation to submit a proposed Civil Case Management Plan and Scheduling Order.

As directed by the Court's October 2, 2018 Order, the parties submit this joint letter to advise the Court regarding the nature of this action, and to solicit the Court's endorsement of a proposed schedule for summary judgment briefing and related issues.

1.      This is an action under FOIA seeking the production of records that The Times requested from the FCC in a FOIA request dated June 22, 2017 ("the Request").  The Request seeks records related to the FCC's notice-and-comment process in an agency proceeding addressing regulation of broadband Internet access providers.  (Dkt. No. 1 (Complaint) ¶¶ 12-25.)  The Request, which has been narrowed in scope since it was initially made, seeks logs from the agency's web servers showing originating IP addresses and internet browser information, with their respective timestamps, for comments electronically submitted to the FCC. (*Id.* ¶¶ 52-57.) The FCC has not provided The Times with the records sought, on the ground that the information sought in the Request is exempt in whole or in part from disclosure pursuant to 5 U.S.C. § 552(b). Because The Times has exhausted its administrative remedies, this matter is properly before this Court. The major issues in this case are whether the requested records are exempt from disclosure pursuant to FOIA Exemption 6 (for personal privacy) or 7(E) (for certain law enforcement records).

2.      The Times states that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B), and that venue is proper in this district under 5 U.S.C. § 552(a)(4)(B). The FCC agrees.

3.      There are currently no pending motions or outstanding requests to file any motions.  As stated above, because this action arises under FOIA, the parties plan to proceed directly to summary judgment briefing without discovery.  The sole issues to be adjudicated on summary judgment are whether the FCC properly withheld information sought by the Request pursuant to Exemptions 6 and 7(E) of FOIA, and on the ground that the Request, even as modified by Plaintiffs, requires the agency to create new records, which is not permitted under FOIA. Because of the limited scope of the legal issues to be adjudicated on summary judgment, the parties further request that the Court waive the parties' obligation to submit pre-motion letters and appear for a pre-motion conference pursuant to Section III.A of Your Honor's Individual Practices, and adopt the following proposed briefing schedule for the parties' cross-motions: (1) the FCC will file its motion for summary judgment on or before December 17, 2018; (2) The Times will file its cross-motion for summary judgment and opposition to the FCC's motion

on or before January 17, 2019; (3) the FCC will file its opposition to The Times's cross-motion and reply in support of its motion on or before February 15, 2019; and (4) The Times will file its reply in support of its cross-motion on or before February 22, 2019.

    4.    The parties do not believe this matter is appropriate for resolution by negotiated settlement at this time, and accordingly do not request a settlement conference before the Court.

Finally, because the parties do not anticipate any need to take discovery in this case, the parties respectfully request that the Court adjourn the scheduled Initial Pretrial Conference without date and permit the parties to proceed with their cross-motions for summary judgment. If this Court decides that the November 15, 2018 initial conference should proceed as scheduled, however, the parties are available to appear on that date.

We thank the Court for its consideration of this letter.

                      Respectfully submitted,

                      /s/
                      David E. McCraw

cc:      Tomoko Onozawa, AUSA
           (via email)