GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2721
Facsimile: (212) 637-2717
Email: tomoko.onozawa@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY, NICHOLAS CONFESSORE, and GABRIEL DANCE,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>Defendant. | 18 Civ. 8607 (LGS)<br><br>**ANSWER OF DEFENDANT FEDERAL COMMUNICATIONS COMMISSION** |

Defendant Federal Communications Commission ("FCC"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answers the complaint of plaintiffs The New York Times Company ("NYT"), Nicholas Confessore ("Confessore"), and Gabriel Dance (collectively "Plaintiffs") upon information and belief as follows:

1. Paragraph 1 constitutes Plaintiffs' characterization of their claims in this lawsuit, to which no response is required. To the extent Paragraph 1 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Denies the allegations in Paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Paragraph 5 constitutes conclusions of law or Plaintiffs' characterization of their claims in this lawsuit, to which no response is required. To the extent Paragraph 5 contains factual allegations to which a response is required, denies the allegations in Paragraph 5, except admits that FCC is an agency of the United States.

## PARTIES

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Denies the allegations in Paragraph 8, except admits that the FCC is an agency of the United States.

## JURISDICTION AND VENUE

9. Paragraph 9 constitutes conclusions of law, to which no response is required. To the extent Paragraph 9 contains factual allegations to which a response is required, denies the allegations in Paragraph 9.

10. Paragraph 10 constitutes conclusions of law, to which no response is required. To the extent Paragraph 10 contains factual allegations to which a response is required, denies the allegations in Paragraph 10.

11. Paragraph 11 constitutes conclusions of law, to which no response is required. To the extent Paragraph 11 contains factual allegations to which a response is required, denies the allegations in Paragraph 11.

## FACTS

12. Paragraph 12 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 12 contains factual allegations to which a response is required, admits that on May 18, 2017, the FCC adopted a Notice of Proposed Rulemaking, 32 FCC Rcd. 4434 (hereinafter "Notice"), and respectfully refers the Court to the Notice for a true and complete statement of its contents.

13. Paragraph 13 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 13 contains factual allegations to which a response is required, respectfully refers the Court to the Congressional Research Service report cited in Paragraph 13 for a true and complete statement of its contents.

14. Paragraph 14 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 14 contains factual allegations to which a response is required, admits the first two sentences of Paragraph 14, denies knowledge and information sufficient to form a belief as to the remainder of the allegations in paragraph 14, and respectfully refers the Court to the Notice and to the Pew Research Center Report cited in Paragraph 14 for a true and complete statement of their contents.

15. Paragraph 15 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 15 contains factual allegations to which a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Paragraph 16 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 16 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and respectfully refers the Court to the episode of "Last Week Tonight With John Oliver" on HBO and the FCC Inspector General Report cited in Paragraph 16 for a true and complete statement of their contents.

17. Paragraph 17 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 17 contains factual allegations to which a response is required, admits that on May 8, 2017, the FCC's Chief Information Officer issued a statement, and respectfully refers the Court to that statement for a true and complete statement of its contents, and denies the allegations to the extent they mischaracterize that statement.

18. Paragraph 18 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 18 contains factual allegations to which a response is required, admits that the FCC Office of Inspector General issued a report

pertaining to claims made in the May 8, 2017 statement of the FCC's Chief Information Officer, respectfully refers the Court to that report for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the report's full contents.

19.     Paragraph 19 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  To the extent Paragraph 19 contains factual allegations to which a response is required, admits that the FCC Office of Inspector General issued a report pertaining to claims made in the May 8, 2017 statement of the FCC's Chief Information Officer, respectfully refers the Court to that report for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the report's full contents.

20.     Paragraph 20 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  To the extent Paragraph 20 contains factual allegations to which a response is required, admits that members of the United States House of Representatives' Committee on Energy and Commerce sent a letter to the FCC Chairman on August 14, 2018, respectfully refers the Court to that letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the letter's full contents.

21.     Paragraph 21 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  To the extent Paragraph 21 contains factual allegations

to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Paragraph 22 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 22 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and respectfully refers the Court to the Pew Research Center Report cited in Paragraph 22 for a true and complete statement of its contents.

23. Paragraph 23 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 23 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Paragraph 24 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 24 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and respectfully refers the Court to the Washington Post article cited in Paragraph 24 for a true and complete statement of its contents.

25. Paragraph 25 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 25 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 25, and respectfully refers the Court to the GroupSense Report cited in Paragraph 25 for a true and complete statement of its contents.

26.  Admits that on June 22, 2017, plaintiff Confessore submitted a FOIA request ("FOIA Request") on behalf of plaintiff NYT to the FCC, and denies knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 26.

27.  Paragraph 27 constitutes Plaintiffs' characterization of the FOIA Request, to which no response is required.  To the extent Paragraph 27 contains factual allegations to which a response is required, respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's full contents.

28.  Paragraph 28 constitutes Plaintiffs' characterization of the FOIA Request, to which no response is required.  To the extent Paragraph 28 contains factual allegations to which a response is required, respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's full contents.

29.  Admits that on July 21, 2017, the FCC sent a letter to plaintiff Confessore regarding the FOIA Request, and respectfully refers the Court to that letter for a true and complete statement of its contents.

30.  Admits the allegations in Paragraph 30.

31.  Paragraph 31 constitutes Plaintiffs' characterization of their July 25, 2017 appeal regarding FCC's response to the FOIA Request, to which no response is required.  To the extent Paragraph 31 contains factual allegations to which a response is required, respectfully refers the

Court to that letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the letter's full contents.

32.  Admits the allegations in Paragraph 32.

33.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, except avers that the FCC and plaintiff NYT engaged in email and telephone communications regarding the FOIA Request, and that the FCC raised at least two additional concerns regarding the FOIA Request.

34.  Admits the allegations in Paragraph 34, and further avers that FCC informed plaintiff NYT that disclosure of the records sought by their FOIA Request would reveal sensitive information about the FCC's network security generally.

35.  Denies the allegations in Paragraph 35, and avers that FCC informed plaintiff NYT that producing copies of the records sought by the FOIA Request with redactions to protect personally identifiable information and sensitive security information would impose an unreasonable burden on the agency and that any non-exempt information was not reasonably segregable from information protected under the FOIA.

36.  Admits that on September 22, 2017, plaintiff NYT sent an email to FCC regarding the scope of the FOIA Request, and respectfully refers the Court to that email for a true and complete statement of its contents.

37.  Admits that on September 22, 2017, plaintiff NYT sent an email to FCC regarding the scope of the FOIA Request, and respectfully refers the Court to that email for a true and complete statement of its contents.

38.  Denies knowledge or information sufficient to form a belief as to whether plaintiff NYT and FCC engaged in a telephone call on December 15, 2017, but avers that plaintiff NYT

and FCC may have had in a telephone conversation concerning the FOIA Request on or around this date.

       39.      Denies the allegations in Paragraph 39, except admits that on December 19, 2017, FCC and plaintiff NYT discussed the FOIA Request by telephone.

       40.      Admits that on December 21, 2017, plaintiff NYT sent a letter to FCC regarding the scope of the FOIA Request, and respectfully refers the Court to that letter for a true and complete statement of its contents.

       41.      Paragraph 41 constitutes Plaintiffs' characterization of the December 21, 2017 letter to FCC regarding the FOIA Request, to which no response is required.  To the extent Paragraph 41 contains factual allegations to which a response is required, respectfully refers the Court to that letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the letter's full contents.

       42.      Admits the allegations in Paragraph 42.

       43.      Admits the allegations in Paragraph 43.

       44.      Paragraph 44 constitutes Plaintiffs' characterization of a letter dated January 29, 2018, from FCC to plaintiff NYT regarding the FOIA Request, to which no response is required. To the extent Paragraph 44 contains factual allegations to which a response is required, respectfully refers the Court to the FCC's letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the letter's full contents.

       45.      Paragraph 45 constitutes Plaintiffs' characterization of a letter dated January 29, 2018, from FCC to plaintiff NYT regarding the FOIA Request, to which no response is required. To the extent Paragraph 45 contains factual allegations to which a response is required,

respectfully refers the Court to the FCC's letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the letter's full contents.

46. Admits the allegations in Paragraph 46.

47. Paragraph 47 constitutes Plaintiffs' characterization of a letter dated February 26, 2018, from plaintiff NYT to FCC regarding the FOIA Request, to which no response is required. To the extent Paragraph 47 contains factual allegations to which a response is required, respectfully refers the Court to that letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the letter's full contents.

48. Admits the allegations in Paragraph 48.

49. Admits that on May 7, 2018, plaintiff NYT sent a letter to FCC regarding the scope of the FOIA Request, respectfully refers the Court to that letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the letter's full contents.

50. Paragraph 50 constitutes Plaintiffs' characterization of a letter dated May 7, 2018, from plaintiff NYT to FCC regarding the FOIA Request, to which no response is required. To the extent Paragraph 50 contains factual allegations to which a response is required, respectfully refers the Court to that letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the letter's full contents.

51. Paragraph 51 constitutes Plaintiffs' characterization of a letter dated May 7, 2018, from plaintiff NYT to FCC regarding the FOIA Request, to which no response is required. To

the extent Paragraph 51 contains factual allegations to which a response is required and respectfully refers the Court to that letter for a true and complete statement of its contents.

52. Admits that on August 31, 2018, plaintiff NYT sent a letter to FCC regarding the scope of the FOIA Request, and respectfully refers the Court to that letter for a true and complete statement of its contents.

53. Paragraph 54 constitutes Plaintiffs' characterization of a letter dated August 31, 2018, from plaintiff NYT to FCC regarding the FOIA Request, to which no response is required. To the extent Paragraph 54 contains factual allegations to which a response is required, respectfully refers the Court to that letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the letter's full contents.

54. Paragraph 54 constitutes Plaintiffs' characterization of a letter dated August 31, 2018, from plaintiff NYT to FCC regarding the FOIA Request, to which no response is required. To the extent Paragraph 54 contains factual allegations to which a response is required and respectfully refers the Court to that letter for a true and complete statement of its contents.

55. Paragraph 55 constitutes conclusions of law, to which no response is required. To the extent Paragraph 55 contains factual allegations to which a response is required, denies the allegations in Paragraph 55.

56. Paragraph 56 constitutes conclusions of law, to which no response is required. To the extent Paragraph 56 contains factual allegations to which a response is required, denies the allegations in Paragraph 56.

57. Paragraph 57 constitutes conclusions of law, to which no response is required. To the extent Paragraph 57 contains factual allegations to which a response is required, denies the

allegations in Paragraph 57.

58.     Paragraph 58 constitutes conclusions of law, to which no response is required.  To the extent Paragraph 58 contains factual allegations to which a response is required, denies the allegations in Paragraph 58.

## **COUNT I**

59.     Repeats each and every response set forth herein to the allegations contained in Paragraphs 1–58 of the complaint.

60.     Paragraph 60 contains conclusions of law to which no response is required.  To the extent Paragraph 60 contains factual allegations to which a response is required, denies the allegations in Paragraph 60.

61.     Paragraph 61 contains conclusions of law to which no response is required.  To the extent Paragraph 61 contains factual allegations to which a response is required, denies the allegations in Paragraph 61.

62.     Paragraph 62 contains conclusions of law to which no response is required.  To the extent Paragraph 62 contains factual allegations to which a response is required, denies the allegations in Paragraph 62.

63.     Paragraph 63 contains conclusions of law to which no response is required.  To the extent Paragraph 63 contains factual allegations to which a response is required, denies the allegations in Paragraph 63.

64.     The paragraphs following Paragraph 63 contain Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

For further and separate answer, FCC alleges as follows:

## FIRST DEFENSE

The information requested in Plaintiffs' FOIA Request is exempt in whole or in part under the FOIA.  *See* 5 U.S.C. § 552(b).

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

## THIRD DEFENSE

FCC reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

Dated: New York, New York
November 9, 2018

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: */s/ Tomoko Onozawa*
TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2721
Fax: (212) 637-2717
E-mail: tomoko.onozawa@usdoj.gov