

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 12, 2019

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
United States District Court
40 Foley Square
New York, NY 10007

      Re:    The New York Times Co. v. Federal Communications Commission,
              18 Civ. 8607 (LGS)

Dear Judge Schofield:

      This Office represents defendant Federal Communications Commission ("FCC") in the above-referenced Freedom of Information Act case brought by plaintiffs The New York Times Company, Nicholas Confessore, and Gabriel Dance ("Plaintiffs"). I respectfully write to request a final, one-day extension of the briefing deadline for the FCC's motion for summary judgment, as set forth in the Court's order dated March 1, 2019 [Dkt. No. 19], from March 13, 2019, to **March 14, 2019**. FCC is aware that the Court granted its prior letter motion with the admonition that "[n]o further extensions will be granted absent extenuating circumstances," *id.*, but submits that an extenuating circumstance that was brought to the undersigned attorney's attention late today necessitates a brief extension of the FCC's deadline to file its opening brief. Plaintiffs' counsel consents to this request. This request will not affect any other briefing deadlines in this case.

      During pre-suit discussions between FCC and Plaintiffs in an attempt to reach a consensual resolution with respect to Plaintiffs' FOIA request for certain FCC server logs, the FCC raised concerns that responding to Plaintiffs' FOIA request, as submitted in June 2017 and modified in September 2017 and December 2017, presented serious network security risks. In response, Plaintiffs modified their FOIA request in May 2018 and August 2018 in a manner which, among other things, tried to address the FCC's security concerns by proposing that the agency use a "find and replace" process to substitute internal Internet Protocol ("IP") addresses with unique identifiers. FCC's opening brief, which is due tomorrow, was prepared to argue that the agency's withholding of the requested server logs was proper, among other reasons, because Plaintiffs' "find and replace" proposal entailed the creation of a new record, which FOIA does not require the agency to undertake. However, at around 4 p.m. this afternoon, the FCC informed the undersigned for the first time of a new factual development that may alter or even moot that argument. Accordingly, the FCC requests an additional day to determine how to address that in its briefing and in the agency's *Vaughn* submission.

      Again, the FCC sincerely apologizes for the last-minute nature of this request, and thanks the Court for its consideration of this request.

Hon. Lorna G. Schofield  Page 2 of 2
March 12, 2019

                                      Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney

                        By:    */s/ Tomoko Onozawa*
                                      TOMOKO ONOZAWA
                                      Assistant United States Attorney
                                      Tel: (212) 637-2721
                                      Fax:  (212) 637-2686

cc:   All Counsel of Record (via ECF)