# EXHIBIT C



**The New York Times Company**

Ian MacDougall
Legal Counsel

620 Eighth Avenue
New York, NY 10018

tel 212.556-8009
fax 212.556-4634
ian.macdougall@nytimes.com

July 25, 2017

**VIA EMAIL**

Federal Communications Commission
Office of General Counsel
445 12th Street, SW
Washington, DC 20554

Re:   New York Times FOIA Appeal – Case No.: FCC-2017-000764

Dear Appeals Officer:

I write on behalf of The New York Times Company and one of its reporters, Nicholas Confessore (together, "The Times"). On June 22, 2017, The Times submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the Federal Communications Commission ("FCC"), seeking "logs for requests submitted via both to https://www.fcc.gov/ecfs/filings/ and any submissions through the FCC's API (application programming interface)." For each comment, the request sought:

- 1) Server logs for both GET and POST requests
- 2) The date/time stamp of each request
- 3) The full query including query strings
- 4) The IP address of the client making the request
- 5) The browser USERAGENT
- 6) The following headers when available: Accept, Accept-Encoding, Accept-Language, Connection, Host, DNT, Upgrade-Insecure-Requests, Via, X-Forwarded-For.

By letter dated July 21, 2017, the FCC denied The Times's request in full (attached). In its response, the FCC stated that "the information you requested *includes* personably [sic] identifiable information and therefore cannot be released" (emphasis added). According to the response letter, this fact permitted the FCC to withhold the requested records in full on the basis of Exemption 6 to FOIA's disclosure mandate. *See* 5 U.S.C. § 552(b)(6).

Please consider this a formal appeal of the FCC's response to The Times's FOIA request. *See id.* § 552(a)(6)(A)(ii).

1

The response is improper for two reasons.

*First*, Exemption 6 does not apply to the requested records at all. Exemption 6 shields from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). A two-step analysis determines whether Exemption 6 applies to a particular piece of identifying information. For Exemption 6 to apply: (1) the information must be "contained in 'personnel and medical files and similar files,'" and, if so, (2) the individual privacy interest in non-disclosure of the information must so thoroughly outweigh the public need for the information that "disclosure would constitute a clearly unwarranted invasion of personal privacy." *Assoc. Press v. Dep't of Def.*, 554 F.3d 274, 291 (2d Cir. 2009).[1] The proper analysis for whether a file constitutes a "similar file" under Exemption 6 is to consider the extent of its similarity to the two specific categories of file listed in the exemption: personnel and medical files. *See Dep't of State v. Wash. Post.*, 456 U.S. 595, 600-01 & n.3 (1982).

Here, the requested information does not satisfy the threshold test under Exemption 6: it does not reside in a file that is or resembles a personnel or medical file. Instead, it resides in a file containing the information the FCC received from members of the public who voluntarily submit comments as part of its public notice-and-comment rulemaking or other regulatory processes.

Furthermore, companies or individuals that choose to submit a comment to the FCC knowingly and willingly waive whatever privacy interests they might otherwise have had. As The Times's FOIA request observed, the FCC's own comment guide tells prospective commenters:

> Any comments that you submit to the FCC on a proposed rulemaking, petition, or other document for which public comment is requested will be made public, including any personally identifiable information you include in your submission. We may share non-personally identifiable information with others, including the public, in aggregated form, in partial or edited form, or verbatim.

*See* FCC, *How to Comment*, https://www.fcc.gov/consumers/guides/how-comment. Similarly, the FCC's comment form warns prospective commenters, immediately above the button to proceed to review and file a comment: "You are filing a document into an official FCC proceeding. All information submitted, including names and addresses, will be publicly available via the web." FCC, *Submit a Filing*, https://www.fcc.gov/ecfs/filings; *cf.* 47 C.F.R. § 1.415 note (noting that some rulemaking proceedings permit *ex parte* communications between "interested persons" and the FCC or its staff, implying that the rule is that such communications are public).

*Second*, even if Exemption 6 applied to some information contained in the requested records, FOIA includes a segregability requirement. *See id.* § 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection."); *see also N.Y. Times v. Dep't of Justice*, 756 F.3d 100, 117 (2d Cir. 2014). The FCC's response letter suggests that the requested records contain

---

[1] The Times cites Second Circuit case law because it ordinarily brings its FOIA lawsuits in the United States District Court for the Southern District of New York.

2

personally identifiable information. In the FCC's view, that fact justifies withholding the requested records in full pursuant to Exemption 6. Assuming Exemption 6 applies to any of the requested information—and, as The Times argues below, it does not—the FCC's response, on its face, violates FOIA's segregability requirement. The proper response—again, assuming Exemption 6 applies to some portion of the requested records—would be to release the requested records with the exempt material redacted. *See Assoc. Press*, 554 F.3d at 284. The FCC failed to do so.

The Times asks, therefore, that the FCC disclose the requested records in full. Alternatively, to the extent the FCC continues to believe Exemption 6 exempts from disclosure some parts of the requested records, The Times asks that the FCC disclose all parts of the requested records it does not believe to be exempt.

As you know, FOIA requires the FCC to decide this appeal within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

Please do not hesitate to contact me should you have any questions about this appeal. Thank you for your consideration.

Sincerely,

Ian MacDougall

attachment

3

#61701v1



Federal Communications Commission
Washington, D.C. 20554

July 21, 2017

Nicholas Confessore
nconfess@nytimes.com

Re: FOIA Control No. FCC-2017-000764

Nicholas Confessore:

This letter responds to your Freedom of Information Act (FOIA) request for web server logs for comments submitted for Federal Communications Commission's (FCC) Docket 17-108 between April 26, 2017 and June 6, 2017. Your request has been assigned FOIA Control No. FCC-2017-000764.

The Office of the Managing Director's, Information Technology Center, was assigned this request. Upon researching and requesting information from its staff, it was determined the information you requested includes personably identifiable information and therefore cannot be released in response to your request. FOIA exemption (b) (6) exemption permits the government to withhold all information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."

We are required by both the Freedom of Information Act and the Commission's own rules to charge requesters certain fees associated with the costs of searching for, reviewing and duplicating the sought after information . Pursuant to section 0.466(a) (5)-(7) of the Commission's rules, you have been classified as category (2), "educational requesters, non-commercial scientific organizations, or representatives of the news media." As an "educational requester, non-commercial scientific organization, or representative of the news media," the Commission assesses charges to recover the cost of reproducing the records requested, excluding the cost of reproducing the first 100 pages. The production in response to your request did not involve more than 100 pages of duplication. Therefore, you will not be charged any fees.

If you consider this to be a denial of your FOIA request, you may seek review by filing an application for review with the Office of General Counsel. An application for review must be *received* by the Commission within 90 calendar days of the date of this letter.[1] You may file an application for review by mailing the application to Federal Communications Commission, Office of General Counsel, 445 12th St SW, Washington, DC 20554, or you may file your application for review electronically by e-mailing it to FOIA-Appeal@fcc.gov. Please caption the envelope (or subject line, if via e-mail) and the application itself as "Review of Freedom of Information Action."

---

[1] 47 C.F.R. §§ 0.461(j), 1.115; 47 C.F.R. § 1.7 (documents are considered filed with the Commission upon their receipt at the location designated by the Commission).

If you would like to discuss this response before filing an application for review to attempt to resolve your dispute without going through the appeals process, you may contact the Commission's FOIA Public Liaison for assistance at:

> FOIA Public Liaison
> Federal Communications Commission, Office of the Managing Director,
> Performance Evaluation and Records Management
> 445 12th St SW, Washington, DC 20554
> 202-418-0440
> FOIA-Public-Liaison@fcc.gov

If you are unable to resolve your FOIA dispute through the Commission's FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road–OGIS
> College Park, MD 20740-6001
> 202-741-5770
> 877-684-6448
> ogis@nara.gov
> ogis.archives.gov

Sincerely,

MARIE CALVOSA
Digitally signed by MARIE CALVOSA
Date: 2017.07.21 15:43:35 -04'00'

Christine Calvosa
FCC Deputy CIO

Enclosures
cc: FCC FOIA Office

2