# EXHIBIT E



**The New York Times Company**

**Christina M. Koningisor**
Legal Department

620 8th Avenue
New York, NY 10018

tel 212-556-1985
christina.koningisor@nytimes.com

December 21, 2017

**VIA EMAIL**

John Williams
Senior Counselor to the General Counsel
Federal Communications Commission
Office of General Counsel
445 12th Street, SW
Washington, DC 20554

Re:   New York Times FOIL Appeal – Case No. FCC-2017-000764

Dear Mr. Williams,

I write on behalf The New York Times Company and one of its reporters, Nicholas Confessore (together, "The Times"). On June 22, 2017, The Times submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the Federal Communications Commission ("the FCC" or "the agency"), for "web server logs for comments submitted for Federal Communications docket No. 17-108 between 4/26/17 and 6/7/17." The request further specified that The Times sought "logs for requests submitted via both to https://www.fcc.gov/ecfs/filings/ and any submissions through the FCC's API (application programming interface)." For each comment, the request sought: (1) Server logs for both GET and POST requests; (2) The date/time stamp of each request; (3) The full query including query strings; (4) The IP address of the client making the request; (5) The browser USERAGENT; and (6) The following headers when available: Accept, Accept-Encoding, Accept-Language, Connection, Host, DNT, Upgrade-Insecure-Requests, Via, X-Forwarded-For."

On July 21, 2017, the FCC denied the request. The FCC stated that the information requested "includes personably [sic] identifiable information and therefore cannot be released." On this basis, the agency withheld the requested records in full pursuant to Exemption 6 of FOIA. *See* 5 U.S.C. § 552.

On July 25, 2017, The Times appealed the agency's denial. First, the Times argued that Exemption 6 does not apply to the requested records. *See* 5 U.S.C. § 552(b)(6) (shielding from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"). Second, The Times argued that even if it

this exemption did apply, the FCC is obligated to produce the requested records in segregable form.

The Times and the FCC subsequently engaged in email and telephone communications regarding this request. In the course of these communications, the FCC raised two additional concerns. First, the agency argued that the requested information would reveal sensitive information about the security measures in place to protect the FCC's notice and comment processes. Second, the agency argued that the request was overly burdensome.

In response to the FCC's security concerns, The Times agreed on September 22, 2017, to narrow its request. The Times agreed to "[e]liminate all of the following headers: Accept, Accept-Encoding, Accept-Language, Connection, Host, DNT, Upgrade-Insecure-Requests, Via." It requested that the FCC provide the following information: "X-Forwarded-For header, date/time stamp of each request, the fully query including query strings, the IP address of the client making the request, and the browser USERAGENT."

On December 15, 2017, the FCC communicated to The Times via telephone that this narrowed request still did not satisfy the agency's security concerns. On December 19, 2017, the FCC and The Times arranged a phone call in which they discussed a set of parameters that would address the FCC's security concerns. The Times now formally submits a second proposed narrowing of its request in a further attempt to resolve these concerns. It seeks records for comments submitted through both https://www.fcc.gov/ecfs/filings/ and the FCC's API (application programming interface) between April 26, 2017, and June 7, 2017. For each comment on docket number 17-108, it seeks: the comment; the originating IP address; the date and time stamp; and the User-Agent header.

The Times acknowledges that the agency has concerns about the burdensomeness of this narrowed request.[1] The Times has no way of knowing the specifics of the architecture used in the agency's ECFS application, but it assumes that the agency uses a relational database that separates information across several tables and perhaps several databases. As such, The Times hopes that by limiting its request to only four data points, it has thereby limited the number of joins or database lookups required to fulfill the request. The Times also assumes that no manual redactions would be required to respond to this request, as the agency would be able to extract only the information requested, and the agency has already suggested that the requested information does not raise security concerns.

Please do not hesitate to contact me if you have any questions about this narrowing of The Times's request. Thank you for your time and assistance.

Sincerely,

Christina Koningisor

---

[1] The Times also understands that the agency maintains that these records would reveal personally identifiable information that may be withheld pursuant to FOIA Exemption 6. *See* 5 U.S.C. § 552.

2